IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JONATHAN N. SAVAGE, SOLELY IN HIS CAPACITY AS RECEIVER FOR NESTOR, INC. AND NESTOR TRAFFIC SYSTEMS, INC.<br>       Plaintiff<br><br>vs.<br><br>CITY OF EAST CLEVELAND<br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:   CA No.: 13-488S-LDA<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT

NOW COMES Plaintiff Jonathan N. Savage, Esq., solely in his capacity as the Court-appointed Permanent Receiver for Nestor, Inc. and Nestor Traffic Systems, Inc. (collectively, "Nestor"), and hereby submits the following claims against Defendant City of East Cleveland ("East Cleveland"):

### Parties and Jurisdiction

1.  Plaintiff is the Rhode Island Superior Court-appointed Receiver of Nestor, having been appointed as Temporary Receiver by the Rhode Island Superior Court (the "Superior Court") on June 3, 2009 and subsequently appointed Permanent Receiver on June 24, 2009.

2.  Upon information and belief, Defendant East Cleveland is a municipal corporation of the State of Ohio, with a primary office located at 14340 Euclid Avenue, East Cleveland, Ohio.

3.  This Court has jurisdiction over this matter under 28 U.S.C. § 1332 based on diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4.  East Cleveland has sufficient minimum contacts with the State of Rhode Island such that it is subject to the personal jurisdiction of this Honorable Court.  Likewise, venue is appropriate under 28 U.S.C. § 1391(b) and (c).

**Facts**

5.      On or about June 3, 2009, your Receiver was appointed as the Temporary Receiver of Defendant Nestor, Inc. and Defendant Nestor Traffic Systems, Inc.

6.      Subsequent to the Receiver's appointment, the Receiver took possession of Nestor's assets that were located at 42 Oriental Street, Providence, Rhode Island (the "Principal Office"), where Nestor had been operating as an automated traffic enforcement systems and related services supplier.  Nestor was a leading supplier of advanced red light and speed enforcement systems and services and was the only provider of both a fully video based automated red light enforcement system and a multi-lane, bi-directional scanning light detection and ranging speed enforcement system.  In addition to the tangible assets located at the Principal Office, the Receiver arranged for the preservation of Defendants' assets located in various U.S. municipalities and Canada.

7.      On or about June 24, 2009, the Superior Court appointed the Receiver as the Permanent Receiver.

8.      During its period of operations, Nestor was in the business of providing electronic video monitoring systems, traffic management and safety services, automated traffic intersection red light enforcement and safety systems, and vehicle trajectory analysis for forecasting.

9.      In or about the period of time between October 2007 and July 2009, Nestor provided services to East Cleveland as indicated on the Accounts Receivable Invoice Report by invoice numbers 0101723IN, 0101755IN, 0101776IN and 0102509IN.  A copy of the Accounts Receivable Invoice Report is attached hereto as Exhibit A and incorporated herein by reference.

10.     The outstanding debt of East Cleveland identified above constitutes property of the Receivership Estate.  *See* "Order Appointing Permanent Receiver" entered on June 24, 2009, paragraph 3 ("That said Receiver be and hereby authorized, empowered and directed to take possession and charge of said estate, assets, effects, property and business of the Defendant, including cash surrender value of any insurance owned by Defendant, and to preserve the same, and

is hereby vested with title to the same; to collect and receive debts, property and other assets and effects of said Defendant"); *see also In re Southern Equipment Sales Co., Inc.*, 24 B.R. 788, 792 (Bankr.N.J. 1982) ("[u]nder Section 541(a)(1) of the Bankruptcy Code, 'all legal or equitable interests of the debtor in property as of the commencement of the case' becomes 'property of the estate.'"). A copy of the Order Appointing Permanent Receiver is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

11. As property of the Receivership Estate, the withholding of that property (i.e. the failure to provide payment of an outstanding, overdue debt) constitutes a violation of the Superior Court of Rhode Island's Order appointing Permanent Receiver. *See* <u>Exhibit B</u> Order Appointing Permanent Receiver entered on June 24, 2009, paragraph 14.

12. Despite the Receiver's numerous written demands, East Cleveland has failed to pay the $638,093.10 it owes to the Receivership Estate.

13. On February 25, 2013, the Superior Court entered an Order authorizing the Receiver to file an action in the U.S. District Court for the District of Rhode Island against East Cleveland, and any other applicable party, in order to collect any amounts due and owing from East Cleveland to the Receivership Estate. A copy of the February 25, 2013 Order is attached hereto as <u>Exhibit C</u> and incorporated herein by reference.

## **Count I (Book Account)**

14. Receiver hereby restates and incorporates herein the allegations contained in paragraph one (1) through thirteen (13) of this Complaint.

15. East Cleveland remains indebted to the Receivership Estate on the book account in the amount of $638,093.10, as reflected in the Accounts Receivable Invoice Report attached hereto as <u>Exhibit A</u>.

WHEREFORE, Receiver demands judgment in its favor and against Defendant, East Cleveland, in the amount of $638,093.10, plus interest, costs, and reasonable attorney's fees, and such other and further relief as the Court determines to be fair and just.

### Count II (Breach of Contract)

16. Receiver hereby restates and incorporates herein the allegations contained in paragraph one (1) through fifteen (15) of this Complaint.

17. Nestor and East Cleveland entered into a contract, whereby Nestor provided valuable traffic management and safety system services to East Cleveland in exchange for East Cleveland's promise to pay for such services.

18. East Cleveland has breached its contract with Nestor by failing to pay amounts owed to the Nestor Receivership Estate which are due and payable.

19. East Cleveland has caused the Receivership Estate damages in the amount of $638,093.10, plus costs, interest and reasonable attorney's fees.

WHEREFORE, Receiver demands judgment in its favor and against Defendant, East Cleveland, in the amount of $638,093.10, plus interest, costs, and reasonable attorney's fees, and such other and further relief as the Court determines to be fair and just.

### Count III (Quantum Meruit)

20. Receiver hereby restates and incorporates herein the allegations contained in paragraph one (1) through nineteen (19) of this Complaint.

21. As a result of the traffic management and safety system services provided by Nestor to East Cleveland, East Cleveland has been enriched.

22. Such enrichment would be unjust unless East Cleveland compensates the Receivership Estate for the fair value of the traffic management and safety system services rendered.

23. The fair value of the unpaid traffic management and safety system services rendered by Nestor to East Cleveland is $638,093.10.

WHEREFORE, Receiver demands judgment in its favor and against Defendant, East Cleveland, in the amount of $638,093.10, plus interest, costs, and reasonable attorney's fees, and such other and further relief as the Court determines to be fair and just.

>Respectfully submitted,
>
>JONATHAN N. SAVAGE, ESQ. IN HIS CAPACITY AS RECEIVER FOR NESTOR, INC. AND NESTOR TRAFFIC SYSTEMS, INC., AND NOT INDIVIDUALLY
>
>By his attorneys,
>SHECHTMAN HALPERIN SAVAGE, LLP
>
>/s/ *James G. Atchison*
>James G. Atchison, Esq. (#7682)
>Shechtman Halperin Savage, LLP
>1080 Main Street
>Pawtucket, RI 02860
>(401) 272-1400 telephone
>(401) 272-1403 facsimile
>jatchison@shslawfirm.com
>Date: July 16, 2013