IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JONATHAN N. SAVAGE, SOLELY IN HIS CAPACITY AS RECEIVER FOR NESTOR, INC. AND NESTOR TRAFFIC SYSTEMS, INC. : : : : : | |
|     Plaintiff : | CA No.: 13-488 S |
| : | |
| vs. : | |
| : | |
| CITY OF EAST CLEVELAND : | |
|     Defendant. : | |

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

NOW COMES Plaintiff Jonathan N. Savage, Esq., solely in his capacity as the Court-appointed Permanent Receiver for Nestor, Inc. and Nestor Traffic Systems, Inc. (collectively, "Plaintiff"), and hereby submits this Response to this Court's Show Cause Order directing Plaintiff to show cause, in writing, why this case should not be dismissed of lack of prosecution. In support thereof, Plaintiff states as follows:

1. On or about June 28, 2013, Plaintiff filed in this action a Complaint against the Defendant.

2. On or about July 16, 2013, Plaintiff filed in this action an Amended Complaint against the Defendant.

3. On or about September 20, 2013, Defendant was duly served with a copy of the Summons and a copy of the Plaintiff's Amended Complaint.

4. On or about November 5, 2013, Plaintiff filed a Motion for Entry of Default based on Defendant's failure to plead or otherwise respond to the Complaint.

5. On or about November 22, 2013, Defendant requested a waiver by the Court of Defendant's requirement to obtain local counsel in connection with this proceeding.

6. On or about December 2, 2013, the Court advised Defendant that the local counsel requirement cannot be waived, and gave Defendant 30 days, until January 2, 2014, to obtain local counsel. On or about January 2, 2014, Defendant requested an additional week to obtain local counsel, and the Court gave Defendant until January 10, 2014, to obtain local counsel.

7. Defendant failed to obtain local counsel and respond to the Motion for Entry of Default. On or about January 22, 2014, default entered against Defendant.

8. Subsequently, Plaintiff made several attempts to reach out to Defendant to discuss a resolution of this matter, but has not received a response.

9. On June 4, 2014, this Court entered its Show Cause Order, directing Plaintiff to show cause, in writing, why this case should not be dismissed of lack of prosecution.

10. Subsequently, on July 3, 2104, Plaintiff filed its Motion for Entry of Default Judgment against Defendant.

11. Dismissal for lack of prosecution is a "necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003). However, the First Circuit has held that although courts certainly have the discretion to dismiss with prejudice actions for lack of prosecution, such action is "drastic" and "extreme." *Id.* (citing *Ortiz-Anglada v. Ortiz-Perez*, 183 F.3d 65, 67 (1st Cir. 1999) (describing dismissal with prejudice for failure to prosecute as "drastic"); *Velazquez-Rivera v. Sea-Land Serv., Inc.*, 920 F.2d 1072, 1075-76 (1st Cir. 1990) ("the most severe sanction"); *Richman v. Gen. Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971) ("a harsh sanction")). "Dismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders,

ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales*, 342 F.3d at 48 (internal citations omitted).

12.     Here, the delay in prosecution was not occasioned by Plaintiff's willful, dilatory action or disobedience of any Court orders.  From the outset, it has been Plaintiff's desire to resolve this matter through settlement and not through a default judgment and the exercise of post-judgment remedies, as evidenced by Plaintiff's numerous pre-litigation demand letters and requests to resolve this matter.  After obtaining an entry of default in this matter, Plaintiff again sought to resolve this matter through a settlement, and did not immediately move for Entry of Default judgment.  However, Plaintiff has since filed a Motion for Entry for Default Judgment in order to bring this matter to a final resolution.

13.      If this matter is dismissed with prejudice, Plaintiff will be severely prejudiced as their ability to obtain judicial redress will forever be lost.

14.     **WHEREFORE**, Plaintiff respectfully requests that this matter not be dismissed for lack of prosecution.

    Respectfully submitted,

    JONATHAN N. SAVAGE, ESQ. IN HIS CAPACITY AS
    RECEIVER FOR NESTOR, INC. AND NESTOR TRAFFIC
    SYSTEMS, INC., AND NOT INDIVIDUALLY

    By his attorneys,
    SHECHTMAN HALPERIN SAVAGE, LLP

    /s/ *James G. Atchison*
    James G. Atchison, Esq. (#7682)
    Shechtman Halperin Savage, LLP
    1080 Main Street
    Pawtucket, RI 02860
    (401) 272-1400 telephone
    (401) 272-1403 facsimile
    jatchison@shslawfirm.com
    Date: July 7, 2014

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this July 7, 2014, I have caused a true and accurate copy of Plaintiff's Response to this Court's Show Cause Order to be served via CM/ECF.